Richard R. CASTALDO, Dominic R. Castaldo and Connie Michalik, Plaintiffs,

v.

Jefferson County Sheriff John C. STONE, *individually and in his official capacity,* Former Jefferson County Sheriff Ronald Beckham, individually and in his official capacity, Jefferson County Sheriff's Department, Neil Gardner, individually, John Hicks, individually, Mark M. Miller, individually, Tanya Williams, individually, Mike Guerra, individually, Phillip Lebeda, individually, John or Jane Does 2 through 10 (All Deputies in the Jefferson County Sheriff's Department), individually, Jefferson County School District R-1, Frank DeAngelis, individually and in his official capacity, Howard Cornell, individually and in his official capacity, Peter Horvath, individually, William Butts, individually, Garrett Talocco, individually, Judy Kelly, individually, Tom Tonelli, individually, Tom Johnson, individually, John or Jane Does 11 through 30, individually, Phillip Duran, James Royce Washington, Ronald Frank Hartmann, J.D. Tanner, dba Tanner Gun Show, Robert Kirgis, and Kirgis, Inc., a Colorado Corporation, Defendants.

No. CIV.00–B–1611.

United States District Court, D. Colorado.

Jan. 23, 2002.

---

James A. Cederberg, Buchanan, Jurdem & Cederberg, PC, Larry Trattler, Trattler Law Firm, PC, Denver, CO, for Plaintiffs.

J. Andrew Nathan, Andrew J. Fisher, Bernard Roland Woessner, Nathan, Brem-

er, Dumm & Myers, PC, Denver, CO, William A, Tuthill, III, Lily Wallman Oeffler, County Attorney's Office, Golden, CO, Alan Kaminsky, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, William J. Kowalski, Susan S. Schermerhorn, William Stuart Stuller, Caplan & Earnest, L.L.C., Boulder, CO, Gregg E. Kay, Franklin D. Patterson, Patterson, Nuss & Seymour, P.C., Englewood, Co., C. Michael Montgomery, Joel A. Kolodny, Lorraine Elizabeth Parker, Steven Gregory Greenlee, Montgomery, Kolodny, Amatuzio, Dusbabek & Parker LLP, Denver, CO, Heather A. Salg, Harris, Karstaedt, Jamison & Powers, P.C., Englewood, CO, J. Stephen Mullen, Retherford, Mullen, Johnson & Bruce, Colorado Springs, CO, Scott Jurdem, Buchanan, Jurdem & Cederberg, PC, Denver, CO, Alaurice Maris Tafoya, Alaurice M. Tafoya, Law Office, Denver, CO, Richard Lee Everstine, Michele R. Prud'Homme, Robert Patrick Ingram, Dickinson, Everstine & Prud'Homme, Denver, CO, Gordon Lamar Vaughan, Sara A. Ludke, Vaughan & DeMuro, Colorado Springs, CO, Michael R. Waters, Jones & Water, LLC, Colorado Springs, CO, Lori Mary Moore, Retherford, Mullen, Johnson & Bruce, Colorado Springs, CO, Matthew Y. Biscan, Malcom S. Mead, Hall & Evans, Denver, CO, for Defendants.

## ORDER

BABCOCK, Chief Judge.

On December 20, 2001, plaintiffs filed their "Motion For Reconsideration Pursuant To F.R.C.P. 59(e), For Relief From Judgment And Leave To Amend Pursuant to F.R.C.P. 60(b) And 15(a), For Extension Of Time In Which To File Amended Pleadings, And For Order Preserving Evidence", (the motion). The motion is directed to my November 27, 2001 Memorandum Opinion And Order (the Order). The sheriff defendants and the school defendants have responded to the motion.

Plaintiffs first ask for clarification that information before the Court in the attachments to plaintiffs' supplemental citation is properly before the Court and incorporated into the allegations of the Third Amended Complaint. In the alternative, plaintiffs seek leave to amend, within reasonable time, to include allegations based on those attachments. The attachments are certainly a part of the record in this case. The most significant attachment is the draft affidavit for search warrant. It adds nothing to the Third Amended Complaint's allegations which were taken as true. Most importantly, even if incorporated into a complaint it would not alter application of the controlling law of duty, causation, and immunity in such a way as to alter the result.

Plaintiffs also assert misapplication of the no-heightened pleading rule of *Currier v. Doran*, 242 F.3d 905 (10th Cir.2001). First, the rule of that case does not apply to the state based claims. Secondly, I applied the Fed.R.Civ.P. 12(b)(6) analysis against plaintiffs' allegations as plaintiffs elected to plead them.

The primary thrust of plaintiffs' motion for reconsideration, which I take as a motion for new trial pursuant to Fed.R.Civ.P. 59(e), is their contention that "newly discovered evidence" of the Harris journal warrants setting aside the Order granting discovery and further amendment of the complaint. I will assume this information constitutes newly discovered evidence which could not have been obtained through the exercise of diligence. Even so, under the Order's legal matrix and having accepted as true the allegations of plaintiffs' Third Amended Complaint, this information is cumulative, not material, and has no probable capacity to change the Order's result. Any amendment, therefore, would be futile.

The controlling law of duty, causation, and immunity remains unchanged. Plaintiffs have failed to meet their burden to show manifest error of law or fact, such newly discovered evidence justifying the relief sought, any misconduct of opposing counsel, or that manifest injustice would obtain if the motion is denied.

As to plaintiffs' request that all parties be ordered to preserve and secure any and all physical evidence and documents or things pertaining to the Columbine tragedy, including electronic records, computer files, audio and video tapes, films, photographs, memoranda and notes, the sheriff defendants do not oppose it in principle, but request that it be specific as to duration and scope. Any such order must indeed be specific as to its duration and scope. However, the motion is so broad that I cannot begin to define a reasonable scope or duration of such an order.

IT IS THEREFORE ORDERED that the plaintiffs' motion is DENIED.